## Case No. 11,201.

### In re PLACE et al.

[9 Blatchf. 369.] [1]

Circuit Court, S. D. New York. Jan. 27, 1872.

APPEAL IN BANKRUPTCY—NOT TAKEN WITHIN TEN DAYS.

1. The district court, by an order entered June 25th, rejected and disallowed the claim of a creditor against the estate of a bankrupt, and awarded to the assignee costs against the claimant, to be taxed, and collected by execution. They were taxed April 8th, following. The district court refused to enter, on the application of the claimant, a further or more formal judgment against the claimant for the amount of the taxed costs, the assignee not asking to have such judgment entered. On April 18th, the claimant gave notice of an appeal to this court from the order of June 25th. The assignee moved to dismiss the appeal, on the ground that it was not brought within ten days after June 25th. *Held,* that the appeal must be dismissed, as not having been taken within the ten days limited by sec-

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

tion 8 of the bankruptcy act of March 2, 1867 (14 Stat. 520).

[Followed in Sedgwick v. Fridenberg, Case No. 12,611.]

2. The order of June 25th was final, in such sense that an appeal would lie therefrom.

[In the matter of James K. Place and James D. Sparkman, bankrupts.]

Thomas C. T. Buckley, for creditors.

Francis N. Bangs, for assignee.

WOODRUFF, Circuit Judge. The appellants, Charles P. Fischer and others, claiming to be creditors of the bankrupt Sparkman, presented their claim against his separate estate. Objection being made, the matter was referred, proofs were taken, a report was made, a hearing thereon was had in the district court, and, on the 25th of June, 1870, an adjudication was made and duly entered, by which it was, in terms, ordered, adjudged and decreed, that the claimants are not creditors of said separate estate of James D. Sparkman, and that the said claim and proof be, "and the same hereby is, wholly rejected and disallowed," and, also, that the assignee recover against the said claimants the costs of the said reference, to be taxed by the clerk, and have execution therefor. On or about the 6th of April, 1871, the solicitor for the claimants requested the solicitor for the assignee to cause the costs thus awarded to be taxed, and the same were taxed on the 8th of April, 1871. Thereupon, the solicitor for the claimants requested the solicitor for the assignee to enter a further decree, in order that an appeal might be taken therefrom, and, on his refusal, application was made to the district court, in behalf of the claimants, for leave to enter such further decree, reciting the previous decree rejecting their claim, and awarding costs and execution therefor, and further reciting the subsequent taxation of costs at $220.26, and thereupon ordering, adjudging and decreeing that the assignee "have judgment" against the claimants for the said sum of $220.26. The district court refused to make this further order or judgment, unless the same was asked for by the assignee, and the solicitor for the assignee refused his assent to the entry thereof. On the 18th of April, 1871, the claimants gave notice that they claimed an appeal to this court, from the order of June 25th, 1870, refusing to allow their claim. The assignee now moves to dismiss the appeal, on the ground that it is too late, more than ten days having elapsed, after the making of the order rejecting the claim, before such appeal was taken.

The claimants appear to have acted in good faith, in their endeavor to bring the decision rejecting their claim under review. It appears that they took an appeal, in July, 1870, from the same order, which appeal was dismissed by this court. [Case No. 11,200.] The claim is said to be large, the estate of

the bankrupt is sufficient for its payment, and the consequences of its rejection are serious. Under these circumstances, if the matter rested in discretion, there would be much reason for relieving the claimants from any embarrassment arising from mistake or misapprehension in regard to the time for taking an appeal—not because the merits of the claim are before me, or because such relief would import doubt of the propriety of its rejection, but because the right of appeal given by the statute is an important right, and an appeal might, perhaps, be further prosecuted to the supreme court. But the objection goes to the jurisdiction of this court. It does not rest in discretion. I am, therefore, compelled to act upon my conviction that the appeal was not taken within the time allowed by law, and that the circuit court has not gained thereby any jurisdiction to review the decision appealed from.

1. The appeal is, in terms, from a decree made on the 25th of June, 1870. But, the appeal was not taken until the 18th of April, 1871, about ten months after the order was made and entered. Section 8 of the bankrupt law is explicit, that "no appeal shall be allowed in any case from the district to the circuit court, unless it is claimed and notice given thereof * * * within ten days after the entry of the decree or decision appealed from." According to the language of the statute, then, the appeal should not be allowed. It is, by its terms, an appeal taken nearly ten months after the decree or decision appealed from.

The claimants insist, that the ten days did not begin to run until the costs awarded by the decree or decision were taxed. The language of the said eighth section will not warrant this claim. The order or decree made by the district court, and the only order or decree which that court has made, was made in June, 1870. It was then entered. It is the order or decree appealed from. The statute forbids an appeal if not taken within ten days after the entry of the decree or decision appealed from. This does not leave open to discussion the question whether the order of June 25th, 1870, was final, or whether, in order to carry it into actual execution, some further step was necessary, either taxation, or a further decree or judgment. If the claimants desired to appeal from it, they should have appealed within ten days after the entry thereof.

2. I entertain no doubt, that, agreeably to the decisions of the supreme court in analogous cases, the decision of June 25th, 1870, was final, in such sense that an appeal would lie therefrom. Forgay v. Conrad, 6 How. [47 U. S.] 201, 204; Beebe v. Russell, 19 How. [60 U. S.] 283; Silsby v. Foote, 20 How. [61 U. S.] 290; Craig v. The Hartford [Case No. 3,333]. The decision or decree settled the rights of the parties, it finally rejected the claim, and it awarded a recovery of costs and execution therefor. No act of the court

was, I think, necessary to the full and final effect of its order. If any such act of the court was necessary for any purpose, no further action by the court has been had in the matter.

The appeal must be dismissed, but I deem it proper to make such dismissal without costs.